UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONATHAN M. LISTER,

            Plaintiff,

v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION, *et al.*,

            Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00034 EAW

## INTRODUCTION

Plaintiff Jonathan M. Lister ("Plaintiff") asks the Court to "issue an order pursuant to the Administrative Procedures Act ('APA'), 5 U.S.C. 706(2)(A)—vacating the finding of inadmissibility under § 212(a)(6)(C)(i) of the Immigration and Nationality Act ('INA') lodged against [Plaintiff] by U.S. Customs & Border Protection ('CBP') at the Peace Bridge Port-of-Entry in Buffalo, New York on May 24, 2017. . . ." (Dkt. 1 at 1). Defendants have filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. 7). For the reasons discussed below, the Court finds that it lacks jurisdiction over Plaintiff's claim and grants Defendants' motion to dismiss.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint. As required at this stage of the proceeding, the Court treats Plaintiff's material factual allegations as true.

Plaintiff is a Canadian citizen. (Dkt. 1 at ¶ 1). On August 23, 2011, Plaintiff formed a Canadian Corporation, Ontario Corp. No. 002296455 d/b/a Lyte Beverages ("Lyte

Beverages"), of which he is the sole shareholder/director. (*Id.* at ¶ 20). Lyte Beverages "produces and sells different flavors of electrolyte slush drinks," which are "marketed and sold at varied venues, such as music festivals, golf courses, and select convenience stores throughout Canada." (*Id.* at ¶ 21). Lyte Beverages has worked with a United States-based supplier, H&H Products, located in Orlando, Florida, to develop and produce drink flavors. (*Id.*). Between 2011 and 2017, Plaintiff periodically entered the United States to meet with his supplier. (*Id.*).

Plaintiff decided to expand Lyte Beverages to the United States market and on March 17, 2017, he registered Lyte Beverages as a foreign corporation doing business in California. (*Id.* at ¶ 22). Plaintiff "determined that sampling his product at U.S. music festivals would be a good test of the market." (*Id.* at ¶ 23). Plaintiff researched music festivals and decided that the SMF music festival, which was occurring in Tampa, Florida, in May 2017, would be "a good venue to test the local U.S. market while incurring minimal cost and maximizing exposure." (*Id.*).

Plaintiff "never had the intention of working or selling any Lyte Beverages products at the SMF vendor bo[o]th because he understood that he could not actively work at the vendor booth as a business visitor." (*Id.* at ¶ 25). Plaintiff reached out to an acquaintance, Jack-David Bechthold ("Bechthold"), who is a United States citizen residing in Miami. (*Id.*). Plaintiff hired Bechthold to work at SMF on behalf of Lyte Beverages, and Bechthold in turn recruited three additional United States citizens as team members. (*Id.*).

Plaintiff thereafter executed a contract with SMF for a vendor booth pursuant to which Lyte Beverages was permitted to sell its electrolyte slush drinks to SMF patrons,

staff, and personnel. (*Id.* at ¶ 26). "Along with the four local workers, [Plaintiff] also included himself on the Staff List because he is the owner of Lyte Beverages as required by the contract, as well as to gain access to the show as a vendor." (*Id.*).

On May 24, 2017, "[a] few days prior to SMF," Plaintiff "presented himself for inspection into the U.S. as a business visitor (B-1) at the Peace Bridge Port-of-Entry in Buffalo, New York." (*Id.* at ¶ 29). At primary inspection, Plaintiff was questioned about the purpose of his visit to the United States and "disclosed that he was intending to travel to Orlando, Florida to meet with his supplier . . . and to attend the SMF in Tampa, Florida on May 27, 2017 and May 28, 2017." (*Id.* at ¶ 31). Plaintiff also informed the CBP officer that at SMF, he intended to "sample his newest slush mix products." (*Id.* at ¶ 32). Plaintiff was referred to secondary inspection. (*Id.*).

During secondary inspection, Plaintiff "further disclosed that he would also be selling his slush mix product at the SMF." (*Id.* at ¶ 32). When providing this information, Plaintiff "failed to distinguish between himself as an individual and his Canadian company" because "[a]s the sole owner of Lyte Beverages, [Plaintiff] was used to referring to himself and his company synonymously. . . ." (*Id.* at ¶ 32).

CBP officers subsequently determined that Plaintiff was inadmissible under § 212(a)(6)(C)(i) of the INA[1], "because he had made a material misrepresentation

---

[1] This provision of the INA, which is codified at 8 U.S.C. § 1182, provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i).

- 3 -

regarding the true purpose of his visit to the U.S."—namely, "by omitting the fact that he would be selling his product at SMF at primary inspection." (*Id.* at ¶ 35). "CBP . . . issue[d] an expedited order of removal on the same day" under INA § 235(b)(1). (*Id.* at ¶¶ 13-14). The sole ground for removal cited in the expedited order of removal is the finding of inadmissibility under INA § 212(a)(6)(C)(i). (*See* Dkt. 8 at 15-16).

## DISCUSSION

### I. Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . ., a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, a court considering a Rule 12(b)(1) challenge to its subject matter jurisdiction is not limited to the allegations in the complaint and can "refer to evidence outside the pleadings." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003) (quotation omitted), *aff'd*, 403 F.3d 76 (2d Cir. 2005).

## II. The Court Lacks Jurisdiction Over Plaintiff's Claims

Plaintiff brings his claim pursuant to the APA, which provides for judicial review where a person is "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute. . . ." 5 U.S.C. § 702. The APA "create[s] a general waiver of sovereign immunity as to equitable claims against government agencies," *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 375 (2d Cir. 1999), but it does not apply where a different statute "preclude[s] judicial review," 5 U.S.C. § 701(a)(1).

Here, Defendants contend that Plaintiff's claim cannot be heard pursuant to the APA because § 242 of the INA, codified at 8 U.S.C. § 1252, "strictly limits the jurisdiction of courts to hear challenges to expedited removal findings." (Dkt. 9 at 5-6). The Court agrees. As the Second Circuit has explained, subject to exceptions not relevant here, "§ 1252(a)(2)(A) deprives [the] court[s] of jurisdiction to hear challenges relating to the Attorney General's decision to invoke expedited removal, his choice of whom to remove in this manner, his procedures and policies, and the implementation or operation of a removal order." *Shunaula v. Holder*, 732 F.3d 143, 146 (2d Cir. 2013) (quotations omitted). Plaintiff's claim falls squarely within this jurisdictional bar.

Plaintiff contends that § 1252(a)(2)(A) does not bar his claim, because he "has been aggrieved by two separate and distinct CBP actions: (1) the issuance of the expedited order of removal under INA § 235(b)(1) and (2) the inadmissibility charge pursuant to INA § 212(a)(6)(C)(i)," and he is challenging only the inadmissibility charge. (Dkt. 13 at 8). This argument is inconsistent with the plain language of § 1252(a)(2)(A), which states that

it extends to "any . . . cause or claim <u>arising from or relating to</u> the implementation or operation of an [expedited] order of removal issued under [INA § 235(b)(1)]." 8 U.S.C. § 1252(a)(2)(A)(i) (emphasis added). Moreover, even in the limited cases where an expedited order of removal is reviewable by a court, § 1252(e)(5) provides that there "shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). The plain meaning of this statutory language has been confirmed by the Second Circuit. *See Becerril v. Holder*, 590 F. App'x 101, 102 (2d Cir. 2015) ("There is no judicial review of orders of expedited removal, except in habeas corpus proceedings and to decide questions not at issue here. . . . [Section] 1252(a)(2)(A) and (e) strip [the courts] of jurisdiction to consider claims arising out of the underlying order where that order is one of expedited removal."); *see also Khan v. Holder*, 608 F.3d 325, 329-30 (7th Cir. 2010) (explaining that the possibility of erroneous determinations in expedited removal proceedings does not mean that "courts are free to disregard jurisdictional limitations. They are not, and we thus must align ourselves with the courts that have considered the issue and hold that we lack jurisdiction to inquire whether the expedited removal procedure to which the [plaintiffs] were subjected was properly invoked."). In this case, Plaintiff's expedited removal order was based on the finding of inadmissibility under INA § 212(a)(6)(C)(i), and this Court accordingly lacks jurisdiction over Plaintiff's claim that the inadmissibility finding was arbitrary and capricious.

Plaintiff has not cited a single case in which a court has entertained a challenge like the one he seeks to bring here, nor has the Court discovered any such case in its own research. Plaintiff cites *Delgado v. Quarantillo*, 643 F.3d 52 (2d Cir. 2011), but his reliance

- 6 -

on that decision is misplaced. In *Delgado*, the plaintiff was apprehended attempting to unlawfully enter the United States and removed pursuant to an expedited order of removal. *Id.* at 53. She thereafter entered the United States without inspection by crossing the border with Mexico, and she subsequently married a United States citizen. *Id.* The plaintiff and her husband filed an I-212 application for permission to reapply for admission to the United States after removal. *Id.* at 53-54. United States Citizenship and Immigration Services ("USCIS") denied the plaintiff's I-212 application on procedural grounds, and the plaintiff "was arrested by immigration authorities, who reinstated her prior expedited removal order." *Id.* at 54. The plaintiff then filed a mandamus action under the APA asking the district court to compel USCIS to make a decision on the merits of her I-212 application. *Id.* The district court dismissed for lack of jurisdiction under 8 U.S.C. § 1252(a)(5). *Id.*

In affirming the district court's determination, the Second Circuit did note that "a suit brought against immigration authorities is not *per se* a challenge to a removal order; whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." *Id.* at 55. However, the *Delgado* court went on to explain that § 1252(a)'s "jurisdictional bar applies equally to preclude . . . indirect challenge[s]" to expedited orders of removal. *Id.* Here, the sole basis for the expedited order of removal was that Plaintiff had been found inadmissible under INA § 212(a)(6)(C)(i). An attack on that finding is necessarily an attack on the validity of the expedited order of removal. *See Delgado*, 643 F.3d at 55 (explaining that "an adjustment-of-status challenge is inextricably linked to the reinstatement of an alien's removal order, because a nunc pro tunc Form I–212 waiver of inadmissibility and the adjustment of status to that of a lawful permanent

resident would render the reinstatement order invalid" (quotations and alterations omitted)). In other words, if Plaintiff were permitted to challenge the finding of inadmissibility pursuant to a claim under the APA in this Court, any determination in Plaintiff's favor would vitiate the basis for the expedited order of removal. Indeed, Plaintiff acknowledges that his "fraud charge is 'inextricably linked to'" the expedited order of removal. (Dkt. 13 at 9).

*Delgado* also forecloses Plaintiff's argument that the Court has jurisdiction because the consequences of the inadmissibility finding and of the expedited order of removal are different. (*See id.* at 8-9 (explaining that the issuance of the expedited order of removal "causes [Plaintiff] to be inadmissible to the U.S. for a five-year period," while the inadmissibility finding "permanently bars [Plaintiff] from entering the U.S." without obtaining a waiver)). As noted above, the *Delgado* court stated that it is "the substance of the relief that a plaintiff is seeking" that determines whether the § 1252(a) jurisdictional bar applies. 643 F.3d at 55. In this case, the substance of the relief that Plaintiff seeks is "an order vacating the Custom and Border Protection agency finding of inadmissibility pursuant to INA § 2112(a)(6)(C)(i)" and "enjoining the Custom and Border Protection agency from finding that [Plaintiff] is inadmissible to the United States <u>on the basis of the expedited removal order issued on May 24, 2017.</u>" (Dkt. 1 at 20) (emphasis added). Plaintiff thus acknowledges that—whatever other collateral consequences his success in this matter would have—a vacatur of the inadmissibility finding would render the expedited removal order unenforceable. On these facts, there is no plausible basis for the Court to conclude that Plaintiff's challenge to the inadmissibility finding does not "aris[e]

from or relat[e] to the implementation or operation of an [expedited] order of removal issued under [INA § 235(b)(1)]." 8 U.S.C. § 1252(a)(2)(A)(i)

Based on the foregoing analysis, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim.

## CONCLUSION

For the reasons set forth above, the Court finds that it lacks jurisdiction over Plaintiff's claim and grants Defendants' motion to dismiss. (Dkt. 7). The Clerk of Court is directed to enter judgment in favor of the Defendants and to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 27, 2019
 Rochester, New York